Rocio Cordero GONZALEZ, a.k.a. Rocio Marina Gonzalez, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–77172.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 15, 2007.

Julia L. Osborne, Esq., Law Offices of Julia L. Osborne, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Holly M. Smith, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Rocio Cordero Gonzalez seeks review of an order of the Board of Immigration Ap-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals upholding an immigration judge's order denying her application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003), and Gonzalez does not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

We do not consider Gonzalez's contention regarding physical presence because her failure to establish hardship is dispositive.

Gonzalez asks that this court continue with the grant of voluntary departure in her case. This court's April 6, 2006, order, indicating that the voluntary departure time period is stayed until issuance of the mandate, remains in effect.

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.